Affirm and Memorandum Opinion filed July 25, 2006








Affirm and Memorandum Opinion filed July 25, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01192-CR

____________

 

JOSE HOMERO CALVILLO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 1020778

 



 

M E M O R A N D U M  O P I N I O N

Appellant Jose Homero Calvillo challenges the trial court=s failure to sua sponte
exclude all information regarding his alienage from his punishment hearing.  In
a single issue, appellant argues that the trial court unconstitutionally
admitted and considered his alienage in assessing punishment.  Because
appellant failed to preserve this issue for appellate review, we affirm.








Appellant pleaded guilty without an agreed sentencing 
recommendation to the felony offense of possession with intent to deliver a
controlled substance (cocaine) weighing at least 400 grams.  After a
pre-sentencing investigation (APSI@), the court
sentenced appellant to twenty years= imprisonment and
a $10,000 fine.

The PSI report reflects that appellant is a lawful
permanent resident of the United States who was born in Mexico and that
immigration placed a Ahold@ on him prior to
his guilty plea.  During the sentencing hearing, the State asked appellant and
his sister whether appellant was a U.S. citizen; both acknowledged he was not. 
On appeal, appellant argues this evidence violated his Fourteenth Amendment
right to equal protection.  The State argues appellant waived any such argument
because he failed to raise it below.  We agree with the State.

Appellant neither objected to the State=s
cross-examination questions nor to the content of the PSI report.  To preserve
a complaint for appellate review, a party must make a timely request,
objection, or motion with sufficient specificity to apprise the trial court of
the complaint.  See Tex. R. App.
P. 33.1(a); Saldano v. State, 70 S.W.3d 873, 886B87 (Tex. Crim.
App. 2002).  The Court of Criminal Appeals has held that this rule does not
apply to two Arelatively small@ categories of
errors that may be raised for the first time on appeal: violations of A>rights which are
waivable only=@ and denials of A>absolute systemic
requirements.=@  Saldano, 70 S.W.3d at 888
(quoting Marin v. State, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993)). 
Even constitutional complaints may be waived by the failure to raise a timely
objection in the trial court.  Id. at 889.








In Saldano, the State introduced evidence that
Saldano=s race or
ethnicity was relevant in assessing punishment.  Id. at 884B85.  Saldano did
not object to this at trial, raising the issue for the first time on appeal.  Id.
at 885B86.  The court stated: AThat the State
refrain from introducing evidence that violates the defendant=s rights under the
Equal Protection Clause is neither an absolute, systemic requirement nor a
right that is waivable only.@  Id. at 889.  Accordingly, the
court held that Saldano did not preserve any error for appellate review.  Id.
at 890; see also Brooks v. State, 990 S.W.2d 278, 286 (Tex. Crim. App.
1999) (preventing a defendant from raising on appeal a claim that testimony was
offered for the sole purpose of appealing to the potential racial prejudices of
the jury when the defendant did not object to such testimony).

Because appellant made no trail objection to evidence of
his alienage, he failed to preserve this issue for our review.  We overrule
appellant=s sole issue and affirm the trial court=s judgment.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 25, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).